JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JANELLE KASSIEN

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael Weinkowitz, Esq.; Levin Sedran & Berman; 510 Walnut St., Ste. 500; Phila., PA 19106; 215-592-1500

## DEFENDANTS

SUBARU OF AMERICA, INC.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY

- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION

- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(d)(2)

Brief description of cause:
Plaintiff is bringing a class action on behalf of consumers who purchased 2015-2018 Subaru Foresters

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    11/25/2019

SIGNATURE OF ATTORNEY OF RECORD    /s/ Michael Weinkowitz

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey  [▼]

| | |
|---|---|
| Janelle Kassien | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| Subaru of America, Inc. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Subaru of America, Inc.
One, Subaru Drive
Camden, NJ 08103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Michael Weinkowitz, Esquire
Levin Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

                                        _____
                                                  *Server's signature*

                                        _____
                                                *Printed name and title*


                                        _____
                                                  *Server's address*

Additional information regarding attempted service, etc:

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANELLE KASSIEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SUBARU OF AMERICA, INC.,<br><br>    Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Janelle Kassien, individually and on behalf of all others similarly situated, brings this class action against Defendant, Subaru of America, Inc.

### SUMMARY OF THE ACTION

1.      Plaintiff Janelle Kassien ("Plaintiff"), individually and on behalf of all others who purchased and/or leased a 2015 through 2018 Subaru Forester (the proposed "Class"), brings common law warranty claims and claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, and the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws Ann. § 445.901, *et seq.*, against Defendant Subaru of America, Inc. ("Subaru" or "Defendant").

2.      This consumer class action arises from the defective design and manufacture of the passenger-side airbag sensor and indicator of 2015 through 2018 Subaru Foresters (the "Class Vehicles") which does not accurately detect passengers or activate the passenger-side airbag system.

### JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, (3) there are members

of the proposed Class who are diverse from Defendant, and (4) there are more than 100 proposed Class members. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as the claims within the Court's original jurisdiction.

4.      This Court has general personal jurisdiction over Defendant because Defendant is incorporated in New Jersey and is a resident of New Jersey.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is subject to the Court's personal jurisdiction and is a resident of New Jersey.

## PARTIES

6.      Plaintiff is a resident and citizen of Michigan.

7.      Defendant is a New Jersey corporation with a principal place of business in Camden, New Jersey. Defendant designs, manufactures, advertises, distributes, and sells vehicles, including the Class Vehicles, throughout the United States.

## PLAINTIFF FACTUAL ALLEGATIONS

8.      Plaintiff purchased a new 2018 Subaru Forester from Serra Subaru in Traverse City, Michigan on February 17, 2018 for $31,027.94.

9.      In September 2018, after experiencing the Defect intermittently, Plaintiff took her vehicle to Subaru By-The-Bay in Petotsky, Michigan to have the defective Passenger Airbag Sensor repaired or replaced. The dealership found error code B1650 in the vehicle's memory, indicating an error with the occupant detection system. The dealership simply told Plaintiff that she could not put electronics, such as her cell phone, on the passenger seat.

10.     In August 2019, after continuing to experience the Defect intermittently, Plaintiff took her vehicle to Subaru By-The-Bay to have the defective Passenger Airbag Sensor repaired or

replaced. The dealership found error code B1650 in the vehicle's memory, indicating an error with the occupant detection system. The dealership, after being unable to reproduce the issue, simply told Plaintiff to bring the vehicle back if as soon as she experiences the Defect again. Plaintiff was charged $55.78.

11.    Plaintiff continues to experience the Defect intermittently both with and without passengers in the passenger seat.

## FACTUAL ALLEGATIONS

12.    The Subaru Forester is a compact crossover SUV designed and manufactured by Subaru since 1997.

13.    More than 700,000 Subaru Foresters have been sold in the United States since 2015.

14.    Federal Motor Vehicle Safety Standard No. 208 requires that any vehicle with "[a]n occupant protection system that deploys in the event of a crash shall have a monitoring system with a readiness indicator." 49 C.F.R. § 571.208(S4.5.2). A manufacturer may determine that a passenger-side airbag should not deploy by "[s]ensing the location of an occupant, moving or still, in relation to the airbag; [i]nterpreting the occupant characteristics and location information to determine whether or not the airbag should deploy; and [a]ctivating or suppressing the airbag system based on the interpretation of occupant characteristics and location information." 49 C.F.R. § 571.208(S27.2). "The owner's manual for any vehicle equipped with an inflatable restraint system shall include an accurate description of the vehicle's airbag system in an easily understandable format. . . . The owner's manual shall also provide any necessary precautions regarding the proper positioning of occupants, including children, at seating positions equipped with airbags to ensure maximum safety protection for those occupants." 49 C.F.R. § 571.208(S4.5.1)(f)(1).

15.    In accordance with federal regulations, every front passenger-side seat of modern passenger vehicles has a sensor (the "Passenger Airbag Sensor") which is meant to sense whether a person of sufficient weight is properly seated in the passenger seat. If the Passenger Airbag Sensor determines that a person of sufficient weight is properly seated, then it activates the passenger-side airbag so that the airbag may deploy if the vehicle is involved in an accident.

16.    If a Passenger Airbag Sensor determines that someone is seated but that the passenger-side airbag should not be activated for safety reasons, an indicator with the message "PASSENGER AIR BAG OFF" (the "Passenger Airbag Indicator") must illuminate on the vehicle dashboard.

17.    The Class Vehicles are equipped with Passenger Airbag Sensors and Passenger Airbag Indicators, but these do not operate correctly or only operate sporadically (the "Defect").

18.    Plaintiff and Class members have experienced the Passenger Airbag Indicator turning on and off while operating their vehicle in situations where there was or was not a passenger of sufficient weight properly seated in the passenger seat.

19.    The Defect creates a great safety concern for drivers and passengers of the Class Vehicles because they have no knowledge of whether the Passenger Airbag Sensors, Passenger Airbag Indicators, or passenger-side airbags are working properly.

20.    Passengers can suffer from serious injury or death if a passenger-side airbag does not function properly in an accident.

21.    Numerous consumer complaints to Subaru and the National Highway Traffic Safety Administration ("NHTSA") describe experiences similar to Plaintiff's.[1] Complaints include:

---

[1] *See* 2018 Subaru Forester, NHTSA, https://www.nhtsa.gov/vehicle/2018/SUBARU/FORESTER/SUV/AWD.

a. MY AIRBAG LIGHT GOES ON TO SIGNAL THE AIRBAGS ARE NOT WORKING. IT GOES OFF AND ON AT WILL. I HAVE TAKEN THE CAR TO THE DEALERSHIP 4 TIMES NOW AND FINALLY THEY THINK THEY KNOW WHAT IS WRONG, BUT WILL NOT HAVE THE PART TO FIX THE PROBLEM UNTIL SOMETIME IN THE FUTURE. THE BLUETOOTH IS SO BAD THAT THE PEOPLE I TALK TO CANNOT HEAR ME. BIG SAFETY CONCERNS.

b. MY PASSENGER AIRBAG LIGHT GO ON AND OFF TO SIGNAL IF THE PASSENGER SEAT AIRBAG SYSTEM IS ACTIVATED OR NOT. DEALER DIAGNOSIS IS THAT THE SENSOR IN THE SEAT IS BAD. THE REPLACEMENT PART AND LABOR IS OVER $1000 BECAUSE IT IS INTEGRATED INTO THE SEAT. I CALLED SUBARU AND THEY ARE WILLING TO PAY FOR HALF, HOWEVER THIS IS AN UNACCEPTABLE SOLUTION. THE AIRBAG SYSTEM ON SUCH A NEW CAR SHOULD BE FULLY FUNCTIONING AND SUBARU SHOULD TAKE FULL RESPONSIBILITY FOR SUCH A PROBLEM AS THE SENSOR IN THE SEAT SINCE THEY MADE IT SO EXPENSIVE TO REPLACE DUE TO THE INTEGRATION INTO THE SEAT, YOU CAN'T JUST REPLACE THAT ONE SENSOR.

c. KEEP GETTING MESSAGE "SRS AIRBAG SYSTEM NEEDS TO BE CHECKED" WHILE DRIVING. THE PASSENGER AIRBAG TURNS OFF WHEN MESSAGE DISPLAYS. WHEN THE MESSAGE COMES UP, IT WILL STAY FOR A FEW HOURS TO A FEW DAYS. MY PASSENGER IS LEFT WITHOUT PROTECTION IN CASE OF AN ACCIDENT.

d. THE PASSENGER SIDE AIRBAG WILL NOT DEPLOY IF THERE IS A CUSHION ON THE SEAT. THIS WAS NOT EXPLAINED TO ME UNTIL AFTER I COMPLAINED AND I WAS THEN TOLD THAT I SHOULD HAVE READ THE OWNER'S MANUAL. UNFORTUNATELY, THE OWNER'S MANUAL IS NOT AVAILABLE UNTIL AFTER THE CAR'S PURCHASE AND EVEN THEN I WOULD HAVE HAD TO KNOW THAT MY ARTHRITIS WAS GOING TO GET SEVERE ENOUGH TO NEED A CUSHION. THE NON-DEPLOYMENT OF MY PASSENGER SIDE AIR BAG IS VERY DANGEROUS. *JS THE CONSUMER STATED THE ALSO WOULD NOT DEPLOY IN THE PASSENGER SITS IN THE SEAT WHILE WET. THE CONSUMER REQUESTED AN UPDATE. *JS

e. I COPIED THIS MESSAGE FROM ANOTHER COMPLAINT WHICH EXPLAINS EXACTLY WHAT I AM TRYING TO COMPLAINT. SUBARU IS KNOWINGLY BUILDING ITS CARS WITH FAULTY PASSENGER SIDE AIR BAG SENSORS WHICH WILL RANDOMLY TURN OFF THE AIR BAG WHILE THE PASSENGER SEAT IS OCCUPIED UNDER NORMAL LIFE DRIVING CONDITIONS. IT IS IN THE 2016 AND 2017 OWNERS MANUAL THAT IF THERE IS A CELL PHONE OR ELECTRICAL DEVICE IN THE FRONT AREA OF THE CAR THEN THE AIR BAG SENSORS COULD

MALFUNCTION. IT ALSO STATES THAT IF YOUR PASSENGER IS WEARING A JACKET OR SWEATER THIS COULD CAUSE THE SENSORS TO TURN THE LIFE SAVING AIR BAG OFF. MY 17 TEENAGER HAD NO ELECTRONICS BUT A SWEATER ON AND IT SHUT OFF AIR BAG WHILE TRAVELING ON HIGHWAY. HOW IS THIS LEGAL TO KNOWINGLY SELL A CAR WITH FAULTY SAFETY EQUIPMENT. THIS LINK TO SUBARU'S WEBSITE EXPLAINS HOW THEIR AIRBAG SENSOR WORKS HTTP://WWW.STANLEYSUBARU.COM/BLOG/2012/AUGUST/6/HOW-DOES-THE-OCCUPANT-DETECTION-SYSTEM-ODS-WORK-IN-MY-SUBARU.HTM

f.  THIS USED VEHICLE WAS PURCHASED FROM A DEALER AS A "GREAT BUY", WITH 74589 MILES ON MAY 23, 2018. LESS THAN ONE WEEK LATER, BELLS AND DINGS BEGAN SOUNDING WHILE DRIVING, LIGHT INDICATORS INDICATED THAT THE SRS SYSTEM NEEDED TO BE CHECKED; THAT THE PASSENGER AIRBAG WAS NOT ON SOMETIMES, OTHER TIMES IT WAS..INTERMITTENT. CAR IN MOTION BOTH ON CITY STREETS AND ON HIGHWAY. NO RECALLS WERE REPORTED AT THAT TIME, AND I NEVER KNEW WHILE DRIVING WHETHER EITHER SIDE SEATBELTS WERE ENGAGED WHEN I KNEW THEY WERE, NOR WHETHER AIRBAGS WERE VIABLE. DANGEROUS FOR DRIVER AND FOR PASSENGER. INDEPENDENT DEALER AND SERVICE DEPARTMENTS WERE PERPLEXED, DEALERSHIPS HAD NO AVAILABLE PARTS.....HERE IT IS, OCT. 2, 2018, OVER 4 MONTHS LATER, AND NO PARTS AVAILABLE TO DEALERS OR AUTHORIZED REPAIR COMPANIES TO COMPLY WITH SAFETY REGULATIONS. THIS VEHICLE IS UNSAFE; SUBARU NEEDS TO PROVIDE PARTS AT NO EXPENSE TO THIS CUSTOMER TO ASSURE SAFETY. AND, THEY NEED TO ISSUE A RECALL OR FACE POTENTIAL LAWSUITS.... ## VIN PASSED ## SUBARU FORESTER 2016 ##

g.  PASSENGER DETECTION SYSTEM TO TURN ON AIRBAG HAS BEEN INTERMITTENT SINCE SHORTLY AFTER PURCHASING. WILL TURN OFF PASSENGER AIR BAG WITH AN ADULT PRESENT IN THE SEAT, OR NOT TURN IT ON INITIALLY. NOW IT IS ALMOST ALWAYS OFF AT SOME POINT IN A DRIVING EXPERIENCE. SEVERAL ATTEMPTS TO GET IT CHECKED OUT WERE MADE BUT REQUIRED TOO LONG AND NO LOANER WAS AVAILABLE. AFTER GETTING A SECOND CAR, IT WAS TAKEN TO THE DEALER WHERE IT WAS PURCHASED BE TESTED OCTOBER 2, 2018 AND PARTS WERE ORDERED. WHEN I TRIED TO FIND WHEN THE PART MAY COME IN AFTER ABOUT 2 WEEKS, NO INFORMATION WAS AVAILABLE. THE SYSTEM ACKNOWLEDGES THE PRESENCE OF A PASSENGER BECAUSE IT GIVES A WARNING ON THE DISPLAY THAT IT NEEDS SERVICE BUT IT LEAVES AIRBAG OFF ANYWAY. I BELIEVE IT HAS BEEN TOO LONG WAITING FOR PARTS FOR A SAFETY SYSTEM PROBLEM. THIS HAS OBVIOUSLY BEEN A

KNOWN ISSUE FOR SEVERAL MODEL YEARS ACCORDING TO COMPLAINTS TO NHTSA AND ON SUBARU OWNER'S FORUMS.

h.  THE FRONT PASSENGER SEAT AIRBAG OCCUPANCY SENSOR IS MALFUNCTIONING AND SWITCHING OFF THE AIRBAG WHEN SOMEONE SITS IN THE FRONT PASSENGER SEAT.

i.  KEEP GETTING MESSAGE "SRS AIRBAG SYSTEM NEEDS TO BE CHECKED" WHILE DRIVING. DEALER WANTS TO REPLACE THE SET SENSOR AT MY COST. THE VEHICLE ONLY HAS 41,000 MILES. THIS IS A KNOWN PROBLEM WITH THIS VEHICLE AND SUBARU IS NOT FIXING THE ISSUE LEAVING DRIVER IN DANGER. THIS NEEDS TO BE A RECALL!

j.  THE AIRBAG SENSOR IN THE FRONT PASSENGER SEAT RANDOMLY GOES OFF WHEN THERE'S A PASSENGER IN THE CAR OR NOT. THE SEAT BELT ALARM FOR THE PASSENGER SIDE GOES OFF WITHOUT A PASSENGER IN THE CAR. AIRBAG SENSOR SAYS "OFF" WITH A PASSENGER IN THE CAR. THIS IS VERY UNSAFE, AS I DO NOT KNOW IF THAT AIRBAG IS TRULY FUNCTIONAL, AND ALSO AN ANNOYANCE, AS THE SEATBELT ALARM DINGS WHILE I'M DRIVING.

k.  THE CAR HAS HAD INTERMITTENT SRS ERRORS STARTING SHORTLY AFTER BUYING THE CAR IN SUMMER OF 2016. WE HAVE HAD IT CHECKED OUT AND NOTHING WAS EVER FOUND. THERE DOES NOT APPEAR TO BE ANY CONSISTANCY AS TO WHEN THE "SRS AIRBAG SYSTEM NEEDS TO BE CHECKED" MESSAGE APPEARS. SOMETIMES WEEKS GO BY WITH NO ERRORS. SOMETIMES IT WILL GO ON AND NOT APPEAR THE NEXT TIME THE CAR IS STARTED. MY CONCERN IS THE SRS AIRBAG SYSTEM IS NOT FUNCTION WHEN NEEDED. I AM LISTING THE MOST RECENT DATE THIS HAS HAPPENED BELOW BUT AS STATED IT HAS BEEN INTERMITTENT FOR YEARS.

l.  SENSOR IN THE PASSENGER SEAT WENT BAD UNDER NORMAL USE AND SUBARU DOES NOT WANT TO COVER EXPENSE TO REPLACE, AND THIS SENSOR LETS DRIVER KNOW IF AIRBAG IS ENGAGED (ON) OR NOT.

m.  I PURCHASED MY CAR IN JULY 2017 WITH 8800 MILES. ONE WEEK AFTER DELIVERY, MY SRS AIRBAG SYSTEM WARNING LIGHT CAME ON. PER THE OWNERS MANUAL, I TOOK IT IN FOR SERVICE THE NEXT MORNING. THE SERVICE DEPT. SAID THERE IS SOMETHING FAULTY IN THE SEAT CUSHION & A NEW ONE IS ON ORDER, BUT WITH NO DELIVERY TIME PROVIDED. IT'S ALREADY BEEN TWO MONTHS SINCE THE ORDER WAS PLACED - NOT SURE WHAT THE REAL ISSUE IS. THE WARNING LIGHT WAS RANDOM AT FIRST BUT, NOW IT'S ON CONTINUOUSLY. I JUST HOPE EVERYONE IS PROTECTED IN MY CAR,

IF I GET IN AN ACCIDENT. I HAVE RECENTLY CONTACTED SUBARU'S CUSTOMER SERVICE TO SEE IF I CAN GET ANY ADDITIONAL ANSWERS.

n.  THE PASSENGER AIRBAG PERIODICALLY TURNS OFF WITHOUT NOTICE. THE AIRBAG INDICATOR LIGHT SHOWS THAT THERE IS AN ISSUE AND SUBARU HAS CONTACTED US ABOUT THE ISSUE. WHEN WE TALKED TO THE DEALER THEY SAID IT WAS A KNOWN INTERFERENCE ISSUE RELATED TO CELL PHONES AND OTHER DEVICES AND THAT IF IT CONTINUES TO HAPPEN WE SHOULD BRING IT IN TO HAVE THE PASSENGER SEAT REPLACED. IT HAS CONTINUED TO HAPPEN PERIODICALLY. ONCE THE WARNING LIGHT INDICATES THAT THE AIRBAG IS OFF, IT REMAINS THAT WAY UNTIL THE VEHICLE IS TURNED BACK ON. SOMETIMES IT IS ON WHEN YOU START THE CAR; SOMETIMES IT COMES ON QUICKLY, AND OTHER TIMES WE DRIVE FOR A LONG TIME AND EVEN GO WEEKS WITHOUT NOTICING IT. BASED ON THE FACT THAT THE COMPANY KNOWS ABOUT THIS AND THAT IT IS A SAFETY SYSTEM THAT IS AFFECTED, IT SEEMS LIKE IT SHOULD BE A RECALL.

o.  SRS AIRBAG SYSTEM NEEDS TO BE CHECKED LIGHT IS ON AND PASSAGE AIR BAG OFF INDICATOR SHOWS OFF. THE DEALERSHIP ORDERED REPLACEMENT PART WHICH HAS BEEN ON BACK ORDER SINCE SEPT. 9, 2017. PROBLEM STARTED IN SEPT. 2017, OCCASIONALLY WHEN A PASSENGER WAS IN THE FRONT SEAT AND VEHICLE HIT A BUMP, THE SRS SHOWED WARNING INDICATOR AND PASSENGER AIRBAG TURNED OFF. SYSTEM WOULD RESET WHEN VEHICLE WAS RESTARTED, BUT WOULD OCCASIONALLY DUPLICATE THE PROBLEM. TOOK VEHICLE TO DEALERSHIP ON SEPT. 9, THEY SAID THEY ORDERED PART AND WOULD CALL ME WHEN PART ARRIVED. I DIDN'T HEAR BACK FROM DEALERSHIP, SO CALLED THEM ON OCT. 26. THEY SAID PART WOULD BE IN AND I DROPPED VEHICLE OFF FOR SCHEDULED SERVICE FOR OCT. 31. ON NOV. 3 AFTER NOT HEARING FROM DEALER, I CALLED TO SEE WHY SERVICE NOT COMPLETED YET, AND WAS TOLD PART WAS STILL ON BACK ORDER, SHOULD BE IN SOMETIME IN DEC. THE SRS AIRBAG SYSTEM WORKED FINE AND NO PROBLEM UNTIL THE END OF FEB, 2018. THE RANDOM SRS WARNING INDICATOR WHEN PASSENGER WAS IN THE FRONT SEAT AND HITTING A BUMP STARTED REOCCURRING AGAIN. I HAVE CALLED THE DEALERSHIP AGAIN NUMEROUS TIMES, AND PART IS STILL ON BACKORDER. NOW THE SRS AIRBAG SYSTEM NEEDS TO BE CHECK INDICATOR IS ON ALL THE TIME, REGARDLESS IF A PASSENGER IS IN THE SEAT OR NOT. I CALLED THE DEALERSHIP ON APRIL 24 AND THEY WERE GOING TO ESCALATE THE PART ORDER AND GET BACK TO ME. AS OF MAY 2 I HAVE NOT HEARD BACK, AND SRS AIRBAG SYSTEM IS NOT WORKING.

p. THERE IS AN INTERMITTENT PROBLEM WHERE THE PASSENGER AIR BAG IS DISABLED. I HAVE HAD THE DEALERSHIP LOOK AT THE PROBLEM AND THEY CLAIM SUBARU KNOWS ABOUT IT AND IT IS CAUSED BY A SENSOR GETTING WET IN SOME FASHION. THE FRONT PASSENGER SEAT IS NEVER WET WHEN THE PROBLEM OCCURS. MOST RECENTLY, TODAY, JUNE 10TH 2018 THE FRONT PASSENGER AIRBAG DISABLED LIGHT CAME ON WHILE DRIVING IN DRY CONDITIONS AND NO BEVERAGE OR MOISTURE OF ANY KIND WAS IN THE CAR. THIS IS ALWAYS THE CASE. AFTER I PARK THE CAR, TURN IT OFF, HAVE THE PASSENGER EXIT THE VEHICLE AND GET BACK IN THE SYSTEM IS FINE AGAIN. I FIND IT INCREDULOUS THAT I HAVE A 16 MONTH OLD CAR THAT THIS HAPPENS REPEATEDLY IN. I HAVE MADE THE DEALER AWARE TWICE AND THEY SIMPLY LIST MY SUBARU MAINTENANCE RECORDS AS ROUTINE AND NEVER SHOW THE DETAILED REASON MY CAR WAS TAKEN IN. I AM AFRAID THERE WILL COME A TIME WHEN THE SYSTEM WILL STAY DISABLED AND I WILL HAVE TO HAVE MY WIFE RIDE IN THE BACK SEAT. THE PROBLEM IS THERE ARE ONLY 2 OF US IN OUR FAMILY AND I SOMETIMES HAVE THE REAR SEATS FOLDED DOWN AND THE CARGO AREA IS FULL. THERE WOULD BE NO SAFE PLACE LEFT FOR HER TO BE SEATED IN THE VEHICLE. IF THE NHTSA REQUIRES AIRBAGS IT SHOULD REQUIRE THE MANUFACTURER TO MAKE SURE THE SYSTEM IS NOT DEFECTIVE. I HAVE THE SUBARU STARLINK SYSTEM AND RECEIVED AN EMAIL TODAY THAT THEY WERE NOTIFIED OF THE AIRBAG SYSTEM ISSUE. THE VEHICLE IS ALWAYS IN MOTION WHEN THIS OCCURS AND IS EITHER ON A CITY STREET OR HIGHWAY. IT HAS OCCURRED NO LESS THAN 8 TIMES AND THE DEALERSHIP HAS BEEN MADE AWARE TWICE PRIOR TO TODAY.

q. SRS AIRBAG SYSTEM LIGHT COMES ON INTERMITTENTLY SINCE MAY 2018. OCCURS WHILE THE CAR IS IN MOTION WITH OR WITHOUT FRONT PASSENGER. LIGHT WILL TURN ON SEVERAL HOURS INTO THE DRIVE OR AFTER SEVERAL MINUTES. USUALLY WHEN I START THE CAR THE LIGHT IS NOT ON. BY THE TIME I COULD GET TO THE DEALER THE LIGHT WAS NO LONGER ON. DEALER ADVISED THIS CAN HAPPEN IF THE SEAT GETS WET. OCCURRED WHEN THERE WAS NO RAIN, MY CLOTHING WASN'T WET, NO SPILLED DRINKS. STILL NOT RESOLVED AND I DO NOT FEEL SAFE DRIVING MY CAR KNOWING THAT AIRBAGS ARE OFF. I CHOSE SUBARU DUE TO THEIR SAFETY RECORD.

r. FRONT PASSENGER AIRBAG WARNING LIGHT COMES ON INTERMITTENTLY, EITHER ON START UP OR WHILE DRIVING, STAYS ON FOR HOURS OR DAYS AT A TIME, UNRELATED TO WHETHER THE SEAT IS OCCUPIED OR NOT. WHEN IT IS ON, PASSENGER SEAT BELT LIGHT INDICATES IT IS NOT FASTENED EVEN IF IT IS. THE SEAT HAS NEVER HAD SPILLS, RAIN OR OTHERWISE WET. THIS HAS BEEN GOING ON FOR AT LEAST 6 MONTHS. SUBARU DEALER STATES PAST ERROR

CODE B1760 WHICH THEY RESET AND SAY THERE IS NOTHING THEY CAN DO BECAUSE THEY CAN NOT FIND AN IMMEDIATE PROBLEM. DEALER ADMITS THAT WHEN WARNING LIGHT IS ON, THE AIRBAG WILL NOT DEPLOY. THIS IS SO UNSAFE I HESITATE TO TRANSPORT ANY FRONT PASSENGERS. IT IS A LARGE SAFETY ISSUE THAT IS BEING IGNORED! CAN YOU DO ANYTHING?

s. PASSENGER AIR BAG LIGHT REMAINS OFF WHEN PASSENGER SEAT IS OCCUPIED, OR TURNS OFF AFTER SEAT HAS BEEN OCCUPIED FOR SEVERAL MINUTES. THIS RESULTS IN SRS AIRBAG ERROR LIGHT ON DASH ILLUMINATING. DEALER CLAIMS "SEAT WAS WET" AND IT WILL RESOLVE ITSELF WHEN SEAT IS DRY. SEAT HAS NEVER BEEN WET - NO SPILLS, NO WET SWIMSUITS, NOTHING. PROBLEM STARTED INTERMITTENTLY 1-2 MONTHS AGO AND NOW OCCURS NEARLY EVERY TIME CAR IS STARTED. DEALER "FIXED" BEFORE 500 MILE INTERSTATE TRIP ONLY TO HAVE PROBLEM RETURN MID-TRIP.

t. 29 JUNE WIFE AND I ARE ON THE HIGHWAY DRIVING WHEN THE PASSENGER AIRBAG LIGHT GOES TO OFF AND THE FAULT CODE APPEARS ON THE HEADS UP DISPLAY TELL US TO TAKE INTO SERVICE IMMEDIATELY. WELL WE CAR OFF AND WE DON'T HEAR ANYTHING BACK FOR A FEW DAYS. WE CALLED THEM BACK ON THE 5TH OF JULY BECAUSE OF THE HOLLIDAY. THEY TOLD MY WIFE ON THE PHONE THEY WERE GOING TO REPLACE SEAT CUSHION BECAUSE THAT SEEMED TO BE THE ISSUE. FAST FORWARD TO 9 JULY MY WIFE RECIEVES A CALL TELLING HER THE CAR IS READY FOR PICKUP. MY WIFE ASKS WHAT DID YOU END UP DOING TO THE VEHICLE? HE SAID WE FUNCTIONAL TESTED THE SEAT IT'S GOOD TO GO. SO I CALL THE SERVICE DEPARTMENT AND SPEAK TO THE SERVICE MANAGER. I SAID SO LET ME GET THIS STAIGHT YOU HAD OUR CAR FOR 10 DAYS AND YOU DID A TEST AND HAND MY WIFE BACK THE KEYS? WHERE IS THE NEW SEAT CUSHION? HE SAID TO ME SIR I WANT TO HELP YOU BUT CORPORATE WON'T RELEASE THE PARTS THEY INSTRUCTED ME TO DO THE FUNCTIONAL CHECK AND IF IT PASSED THEY WOULD NOT RELEASE THE PARTS. SO I ASK WHAT IF IT HAPPENS AGAIN WHAT THEN? WELL SIR WE WOULD NEED TO SUBMIT THE SERVICE HISTORY PROBLEM WITH THE NEXT REQUEST TO ESCALATE THE ISSUE. SO I CALL THE WIFE TELL HER TO GO PICK UP THE CAR BUT ASK THE SERVICE MANAGER TO TAKE A LITTLE RIDE IN THE PASSENGER SEAT TO ENSURE IT WORKS.... SO MY WIFE STARTS THE CAR THEN GOES AT SITS IN THE PASSENGER SEAT. BOOM AIR BAG FAULT LIGHT COME ON IMMEDIATELY WITH THE SERVICE MANAGER STANDING THERE. SERVICE MANAGER TURNS RED. MY WIFE'S SMILES AND SAYS I CAN'T TAKE THIS CAR HOME IT'S NOT SAFE. SO THEY KEEP THE CAR TO TRY AND ORDER THE SEAT CUSHION AGAIN. THE SERVICE MAANGER CALL ME BACK TO (10 JULY) TO LET ME KNOW THEY HACK ESCALATED THE PROBLEM TO SUBARU CORPORATE AND THE

CUSHION IS NOW ON ORDER. HOWEVER TURNS OUT 73 CUSHOINS ARE ON BACK ORDER FOR PRETTY MUCH THE SAME ISSUE. THIS MAY REQUIRE A RECALL.

u. LESS THAN ONE YEAR AFTER PURCHASE OF A NEW 2017 SUBARU FORESTER I NOTED PERIODICALLY THE PASSENGER AIRBAG FAILURE LIGHT WOULD TURN ON AND STAY ON WHEN A PASSENGER WAS IN THE PASSENGER SEAT. THIS DID NOT OCCUR IMMEDIATELY ON SEATING OF THE PASSENGER AND WAS SPORADIC. IT OCCURRED BOTH IN MOTION AND WHILE THE VEHICLE WAS NOT IN MOTION. ONCE LIT IT REMAINED SO UNTIL 2 OR 3 NEW RESTARTS. TAKEN TO DEALER THEY FOUND A CODE VERIFYING THE COMPLAINT. TOLD IT WAS DUE TO A CELLPHONE ON THE SEAT. CELLPHONE REMOVED. SAME PROBLEM. TOOK IT BACK TO DEALER HELD FOR A COUPLE OF DAYS AND TOLD A SPECIALIST IN CODES INDICATED THAT IT WAS DUE TO USB CELL PHONE WIRE. THIS WAS NOT AN ACCEPTABLE EXPLANATION. THIS RESULTED IN THEIR SPECIALIST REVIEWING THEIR CODE READING AGAIN. THEY INDICATED A SENSOR FAILURE AND THAT THE PART WOULD TAKE ABOUT A MONTH TO OBTAIN. I COULD DRIVE THE CAR IN THE INTERIM INCLUDING WITH A PASSENGER.. I THEREFORE REQUESTED WRITTEN CERTIFICATION OF THE SAFETY OF THE PASSENGER SEAT REGARDING THE AIRBAG. THIS RESULTED IN A RENTAL CAR WHICH I HAVE HAD FOR 7 WEEKS. CALLED 2 WEEKS AGO WITH THE RESPONSE THAT THEY WERE WAITING FOR A NEW AIRBAG. I WANT TO BE CERTAIN THAT THE NTSB IS AWARE THAT THERE MAY BE A PROBLEM WITH SUBARU AIRBAGS IN THE 2017 FORESTER. HOW THIS POTENTIAL PROBLEM IS DEALT WITH IS ALSO A CONCERN. IS A RECALL IN ORDER? *JS

v. THE PASSENGER AIRBAG WILL STOP WORKING WHILE THE PASSENGER IS SEATED IN THE FRONT PASSENGER SEAT. TWO ALERTS SHOW UP IN DIFFERENT AREAS ON THE DASH LIGHTS INDICATING A PROBLEM WITH THE PASSENGER AIR BAG ADVISING TO HAVE IT CHECK IMMEDIATELY BY THE DEALER. WHEN I TOOK THE VEHICLE TO THE DEALER THEY FIRST ADVISED ME THAT THE AIRBAG LIGHT WAS DO TO THE SEAT BEING WET, PLACING A CELL PHONE OR LAP TOP ON THE SEAT. NONE OF THOSE THINGS HAVE CAUSED THE MALFUNCTION LIGHT TO GO ON IN MY VEHICLE. THE LIGHT WOULD RANDOMLY COME ON ADVISING ME THAT THE PASSENGER SEAT AIRBAG WAS NOT ON. WHEN THIS OCCURRED THE VEHICLE WAS IN MOTION EVERY TIME. THE DEALER CLAIMED THAT MY PROBLEM WAS CAUSED BY A STAIN ON MY SEAT, THEY CLAIMED THE MECHANIC CLEANED THE SEAT AND THEY WERE GOING TO RELEASE THE VEHICLE TO ME. I INSISTED HOWEVER THAT MY SEAT WAS NEVER WET NOR STAINED. THE SERVICE ADVISOR THEN SPOKE TO A MANAGER AND THEY THEN INFORMED ME THAT THE PROBLEM WAS THE AIRBAG SENSOR IN THE SEAT. THEY SAID IT WOULD TAKE 2

DAYS TO GET THE PART. TWO DAYS LATER THEY TOLD ME IT WAS A NATIONAL BACK ORDER ON THE PART. MY VEHICLE HAS BEEN AT THE DEALER SINCE 09/11/2018 AND I AM STILL WAITING FOR THE PART WHICH THEY KEEP CALLING ME AND TELLING ME IT IS ON BACKORDER. THEY HAVE PROVIDED ME WITH A LOANER. CORPORATE SUBARU PERSONNEL HAVE ALSO CONTACTED ME CONCERNED ABOUT THIS ISSUE. AS OF TODAY 10/18/18 SUBARU AS NOT CORRECTED THE ISSUE.

w. FRONT PASSENGER AIRBAG WARNING LIGHT STARTED COMING ON DURING MAY 2018. DEALER DETERMINED FAULT IS IN PASSENGER SEAT CUSHION AND ORDERED PART WHICH WAS BACK ORDERED TO MID OCTOBER. ON 10/23/18 THE DEALER SAYS THE PART ISN'T EXPECTED UNTIL NOVEMBER 15. THE WARNING LIGHT REMAINS ON MOST OF THE TIME WHILE DRIVING WITH A PASSENGER.

x. SUBARU FORESTER 2017, BOUGHT NEW. THE DASHBOARD MONITOR INFORMATION SIGNAL READ THERE WAS NO AIRBAG ON FOR THE PASSENGER WHILE ONE WAS SEATED THERE AND THE CAR WAS IN MOTION. THIS HAD OCCURRED EARLIER IN JUNE WHEN I WAS DRIVING FROM PA TO CA BUT NO PASSENGER WAS SEATED THERE. I ASSUMED IT WAS JUST AN ODDITY - AND IT DID NOT OCCUR REGULARLY. JULY 16 (2018) I TOOK IT FOR REPAIR WHICH SUBARU DETERMINED WAS AN ELECTRICAL PROBLEM IN THE PASSENGER SEAT. THEY EXPECTED THE PART IN LATE JULY, THEN LATE AUGUST OR EARLY SEPTEMBER, ON SEPTEMBER 11 I CALLED AND ASKED MORE SPECIFIC QUESTIONS TO LEARN THAT NO AIRBAGS WOULD WORK WHILE DRIVING THAT CAR, AND THEY AGREED ON SEPTEMBER 12 TO LOAN ME A CAR WHILE I WAITED FOR THE PART AND REPAIR. IT IS NOW NOVEMBER 29 AND THE PART AND REPAIR HAVE NOT OCCURRED. SUBARU NATIONAL CUSTOMER SERVICE CAN BARELY DO MORE THAN SAY "SORRY" AND GAVE ME A REPAIR DATE OF DECEMBER 4, WHICH AS OF NOVEMBER 26 WAS MOVED TO "SOME TIME IN DECEMBER". FIRST: THIS IS A SERIOUS PROBLEM THAT I WAS NOT FULLY INFORMED OF: WITH THIS PROBLEM THE AIRBAGS WILL NOT ACTIVATE. SECOND: I HAVE BEEN REPEATEDLY ASSURED OF THE PART'S ARRIVAL AND REPAIR BUT IT CONTINUES TO BE DELAYED AS IF SAFETY IS NOT A PRIORITY AT SUBARU. I HAVE LEARNED THROUGH A COMMENT MADE BY SUBARU CUSTOMER SERVICE PERSON THAT THERE MAY BE OTHERS HAVING THE SAME PROBLEM. FOR THE SAFETY OF US ALL, I THINK THIS SITUATION DESERVES INVESTIGATION.

y. PASSENGER AIRBAG OFF WARNING IS GIVEN IN HOT WEATHER. DEALER SAYS NEW SENSOR IS NEEDED. WE HAVE BEEN WAITING SINCE AUGUST 2018 FOR THE PART TO BE RECEIVED BY OUR DEALER SO REPAIR CAN BE MADE.

z.  THE FRONT PASSENGER AIRBAG SENSOR SYSTEM IS DEFECTIVE. I WAS INFORMED ON 9/1/18 THAT PARTS WOULD NEED TO BE REPLACED AND IT WAS RECOMMENDED THAT NO ONE USE THAT SEAT. I HAVE BEEN WAITING OVER 6 MONTHS NOW FOR THE REPLACEMENT PARTS. THE SUBARU DEALERSHIP SAYS THEY HAVE NO WAY TO DETERMINE WHEN THE PARTS WILL BE IN. I HAVE HAD SEVERAL OTHER ISSUES WITH THIS CAR AS WELL. THEY HAVE MADE MULTIPLE ATTEMPTS TO RESOLVE A RATTLE SOUND IN THE DASHBOARD, HAD THE AIR CONDITIONING KNOB REPLACED, AND A LOUD SQUEAK IN THE DRIVER'S SEAT REQUIRING A PART TO BE REPLACED. THIS IS MY FIRST SUBARU AND I HAVE NOT BEEN IMPRESSED!

aa.  MY 2017 FORESTER BEGAN HAVING THE PASSENGER AIRBAG LIGHT SWITCH OFF WHEN THERE WAS A PASSENGER IN THE SEAT AND THE VEHICLE WAS IN MOTION. ON THE DASHBOARD, NEXT TO THE ODOMETER, A RED SQUARE WITH A LOWER CASE "I" APPEARED AND BELOW TO THE LEFT THE RED AIRBAG INDICATOR LIT. ALSO ON THE UPPER DASH, THE PASSENGER AIRBAG ON LIGHT SWITCHED TO OFF. IN ORDER TO RECTIFY THIS, I HAD TO PULL OVER, SHUT OFF THE ENGINE AND RESTART IT. THIS HAPPENED SEVERAL VARIOUS TIMES DURING NORMAL CITY STREET DRIVING. RETURNING FROM A 1200 MILE TRIP RECENTLY, IT OCCURRED NEAR THE END OF MY TRIP ABOUT EVERY 40 MILES. VERY DISTRESSING! TOOK TO DEALER AND THEY SAID NO CODES WERE IN THE COMPUTER SHOWING ANY PROBLEMS. SAID THE SEAT MIGHT HAVE HAD SOMETHING SPILLED ON IT WHICH NEVER HAPPENED! THEY SAID THAT THE RED SQUARE WITH THE WHITE "I" IN IT MEANT THE EYESIGHT WAS MALFUNCTIONING WHICH WAS RIDICULOUS!! WHY WOULD THE AIRBAG LIGHT MAKE THE EYESIGHT MALFUNCTION? I HAVE NEVER HAD A PROBLEM WITH THE EYESIGHT AND I USE IT ALL THE TIME. WHEN I LOOKED ONLINE, I DISCOVERED THAT THERE WERE MANY PEOPLE WHO HAD THE EXACT SAME PROBLEM WITH EXACT SAME SYMPTOMS!! SURPRISED THAT SUBARU HAS NOT HAD A RECALL FOR THIS. ARE THEY WAITING UNTIL SOMEONE DIES IN AN ACCIDENT BEFORE THEY DO ANYTHING? I RECENTLY HAD A PERSON TURN IN FRONT OF MY MY 2015 FORESTER AND ALL THE AIRBAGS DEPLOYED REDUCING INJURIES. IF MY 2017 FORESTER AIRBAGS ARE NOT WORKING IN AN ACCIDENT, MY PASSENGER COULD BE SEVERELY INJURED AND SUBARU WOULD BE RESPONSIBLE!! THEY NEED TO FIX THIS PROBLEM NOW!!!

bb.  PASSENGER AIR BAG SWITCHES TO "OFF" DESPITE PASSENGER SITTING IN SEAT. SUBARU DEALERSHIP DIAGNOSED FAULTY SENSOR. AIR BAG LIGHT SWITCHES TO "OFF" AT RANDOM TIMES EVEN WHEN PASSENGER IS SEATED IN SEAT. ON THE DASHBOARD, NEXT TO THE ODOMETER, A RED SQUARE WITH A LOWER CASE "I"

APPEARED AND BELOW TO THE LEFT THE RED AIRBAG INDICATOR LIT. THE SYSTEM SAYS TO CHECK SRS AIRBAG AND BRING TO DEALERSHIP. THIS OFTEN OCCURS WHEN CAR IS STOPPED/PARKED AND PASSENGER GETS OUT WHILE CAR IS STILL RUNNING. DEALERSHIP AGREED TO REPLACING SENSOR BUT THE PART HAS BEEN UNAVAILABLE FOR 6 MONTHS NOW. WE KEEP BEING TOLD "IT'S ON ORDER, CAN'T SAY WHEN IT WILL ARRIVE. " VEHICLE IS UNSAFE TO DRIVE WITH A PASSENGER AS A RESULT. SEE MORE COMPLAINTS                                    HERE: HTTP://WWW.CARPROBLEMZOO.COM/SUBARU/FORESTER/AIR-BAG-ON-OFF-SWITCH-PROBLEMS.PHP

cc. 2017 FORESTER SRS AIRBAG SENSOR DEFECTIVE TWO YEARS AFTER PURCHASE, THE SRS AIRBAG WARNING LIGHT APPEARED. THIS LIGHT FLICKERS ON AND OFF, AT RANDOM, WHETHER OR NOT A PASSENGER IS IN THE SEAT. (NO PASSENGER WILL BE DRIVING WITH ME UNTIL THIS IS REPAIRED.) MY SUBARU DEALERSHIP SERVICE MANAGER TOLD ME THAT THERE WAS A RECALL (HE MISSPOKE, PERHAPS HE MEANT ?SHOULD BE?) AND SAID THAT HE "SEES THIS ALL THE TIME". HE IMMEDIATELY KNEW (PRIOR TO TESTING IT) THAT THEY WOULD BE REPLACING THE PASSENGER SEAT BOTTOM, FOR A NEW SENSOR PAD. HE SAID THEY ARE USUALLY BACKORDERED. BACKORDERED INDICATES TO ME THAT THERE IS A HIGH DEMAND TO CORRECT THIS ERROR IN THIS CRITICAL SAFETY SYSTEM. AT THIS POINT, I HAVE SUBARU CORPORATE INVOLVED; I'VE EMAILED AND SPOKEN AT LENGTH WITH KRIS DRECHSEL, A SUPERVISOR IN CUSTOMER SERVICE, AND CHARLES HOSIER, A CUSTOMER SERVICE ADVOCATE. WHILE THEY BOTH WERE SUPERB IN THEIR INTERACTIONS WITH ME, I LEARNED NOTHING ABOUT WHAT SUBARU IS DOING OR INTENDS TO DO ABOUT THIS REPREHENSIBLE SITUATION, OTHER THAN PASS ALONG MY COMPLAINT. I WAS EMAILED THAT THEY ARE "NOT AWARE OF ANY TRENDING ISSUE WITH THE PASSENGER SIDE SEAT SENSOR". SUBARU IS CLEARLY AWARE THERE IS A PROBLEM AND IS NEGLECTFUL IN NOT BEING FULLY TRANSPARENT WITH OWNERS THAT THERE IS THE POTENTIAL THAT AN AIRBAG MAY NOT DEPLOY IN A COLLISION DUE TO THIS SENSOR DEFECT. SUBARU NOTED THAT THEY RELY ON CUSTOMER FEEDBACK AND THAT THE APPROPRIATE PROTOCOL WILL BE FOLLOWED FOR SUCH COMPLAINTS. CONSIDERING THE GRAVITY OF THIS ISSUE, I ASSUME, THEN, THAT I AM THE ONLY CUSTOMER WHO HAS PROVIDED THIS COMPLAINT AND THAT THEY ARE NOW GOING TO DISCOVER THE ?TREND? AND PROVIDE NOTICE OF THIS SRS AIRBAG DEFECT TO THE PUBLIC. THERE ARE 25 COMPLAINTS ON THIS SITE ALONE (OF HOW MANY THAT "MAY APPEAR"?), COUNTLESS ONLINE FORUMS, AND APPARENTLY LAW SUITS PENDING. IS A DEATH WHAT'S PREREQUISITE HERE?

dd. THE AIRBAG LIGHT WARNING KEEPS GOING OFF RANDOMLY STATING THAT THE AIR BAG IS OFF WHEN THERE ARE PASSENGERS IN THE CAR.

ee. WHILE 2017 FORESTER IN MOTION (BOTH INSTANCES OCCURRED AT HIGHWAY SPEED) SRS RED WARNING LIGHT IN DRIVERS DASHBOARD COMES ON. ALSO AIRBAG INDICATOR AT MIDDLE TOP INFORMATION SECTION CHANGES FROM PASSENGER AIRBAG ON TO PASSENGER AIRBAG OFF. THIS HAPPENS EVEN THOUGH THERE IS A PASSENGER IN THE SEAT. THIS EVENT HAS OCCURRED ON TWO OCCASIONS - NOV 2018, AND JUN 2019. IN BOTH INSTANCES THE ISSUE RESOLVED AFTER A FEW DAYS BUT BEFORE SUBARU SERVICE COULD BE SCHEDULED TO REVIEW THE ISSUE. SUBARU SERVICE DEPT SAID THE ISSUE WAS CAUSED BY ELECTRICAL INTERFERENCE FROM A CELL PHONE ON THE SEAT. HOWEVER, NO ELECTRONIC DEVICES WERE ON THE SEAT AT THE TIME OF INCIDENTS. THE SEAT HAVE NEVER GOTTEN WET EITHER.

ff. WHEN A PASSENGER IS SITTING IN THE FRONT PASSENGER SEAT, THE AIRBAG WILL TURN OFF ON IT'S OWN SAYING THAT THE SYSTEM NEED TO BE CHECKED. THE VEHICLE IS LESS THAN 2 YEARS OLD AND HAS 40,000 MILES. THIS HAPPENS WHEN THE VEHICLE IS IN MOTION INTERMITTENTLY.

gg. FOR 2 MONTHS SINCE MAY 19, 2018, THE AIRBAG WARNING SENSOR LIGHT GOES ON MY DASHBOARD WHILE DRIVING AND THE PASSENGER AIRBAG ?OFF? WARNING LIGHT ALSO GOES ON ? SEE ATTACHED PHOTO. THIS OCCURRENCE HAPPENS ALMOST EVERY TIME I DRIVE MY VEHICLE. I BROUGHT THE VEHICLE TO THE DEALER TWICE FOR REPAIR BUT THE PROBLEM STILL EXISTS. SUBARU ? STARLINK PROGRAM HAS NOTIFIED ME WITH NUMEROUS EMAILS THAT I SHOULD HAVE THIS SERIOUS SAFETY ISSUE FIXED AS SOON AS POSSIBLE. AFTER NOT RECEIVING ANY SATISFACTION FROM THE DEALER, I CALLED AND WRITTEN TWICE TO SUBARU USA HEADQUARTERS IN CHERRY HILL, NJ EXPLAINING THIS SERIOUS SAFETY ISSUE OF HAVING NO ACTIVE PASSENGER AIRBAG WHILE DRIVING. THEY STATED THAT A PART HAS TO BE ORDERED TO REPAIR THIS SERIOUS ISSUE BUT IT HAS NOW BEEN 4 WEEKS SINCE MY INITIAL CALL TO HEADQUARTERS WITH NO RESULTS. I FEEL THAT THEY ARE STALLING AS THERE MAY NOT BE AN EASY FIX AVAILABLE. I?M EXTREMELY CONCERN TO DRIVE THE VEHICLE WITHOUT AN ACTIVE PASSENGER AIRBAG PROTECTION FOR THE SAFETY OF MY WIFE IF WE WERE IN AN ACCIDENT AND THERE WAS NO AIRBAG DEPLOYMENT.

hh. THE FORESTER HAS AN AUTOMATIC SYSTEM THAT TURNS OFF THE AIRBAGS FOR THE RIGHT SIDE FRONT PASSENGER SEAT WHEN NO-

ONE IS SITTING THERE OR WHEN THEY DO NOT WEIGH ENOUGH TO ACTIVATE THE SYSTEM. SHOULD A PERSON NEED TO SIT ON A CUSHION IN THAT SEAT FOR WHATEVER REASON, THE SYSTEM DOES NOT THINK ANYONE IS THERE AND TURNS OFF THE AIRBAGS. I KNOW SEVERAL PEOPLE THAT NEED VARIOUS CUSHIONS FOR BACK SUPPORT OR OTHER HEALTH RELATED REASONS OR BECAUSE THEY HAVE SHORT TORSOS AND FEEL MORE COMFORTABLE SITTING HIGHTER. IF THEY USE THEIR PILLOWS OR CUSHIONS, THEY ARE NOT PROTECTED BY THE AIRBAG SYSTEM. IF THEY DON'T USE THEIR CUSHIONS, THEY ARE IN PAIN. I HAVE CONTACTED SUBARU AND THEY SAY THEY CANNOT CHANGE THE SYSTEM. I FEEL THIS IS A SAFETY ISSUE IN THAT PASSENGERS WILL USUALLY USE THEIR CUSHIONS TO AVOID PAIN AND HOPE THERE IS NO ACCIDENT THAT WOULD NEED AIRBAG PROTECTION. IN MY OPINION, THERE SHOULD BE AN OVERRIDE TO THE AIRBAG DISABLE SYSTEM SO ADULTS NEEDING SEAT CUSHIONS CAN STILL BE PROTECTED BY THE AIRBAG SYSTEM.

ii. OCT. 25, 2018. CAR IN GARAGE STATIONARY/STARTED VEHICLE/ DASHBOARD RED WARNING LIGHT OF SEAT WITH BELT/AIRBAG. TURNED VEHICLE OFF. 1/2 HOUR LATER, RETURNED TO CAR, SAW HEADLIGHTS ON, TWO FRONT DOORS LOCKED/DIDN'T START CAR. CALLED DEALER AND TOOK IN. SAID AIRBAG PROBLEM AND NEED PASSENGER SEAT REPLACEMENT-BUT ON BIG BACKORDER/MONTHS AND MONTHS. NO FIRM DATE. SAID CHOICE: DRIVE IT AT RISK/ OR TAKE A RENTAL. GM GAVE US LOANER. GM SAID THIS IS FIRST ONE HE HAS HEARD OF AT THEIR DEALERSHIP.

jj. THE PASSENGER SEAT AIRBAG HAS NOT BEEN WORKING FOR ABOUT 9 MONTHS MAKING IT DANGEROUS FOR A PASSENGER (OR NOT AVAILABLE FOR PASSENGER SEAT OCCUPANCY). THE PARTS HAVE BEEN ON ORDER FOR MONTHS BUT STILL NOT DELIVERED. THERE ARE MANY OF THESE ON BACKORDER INDICATING TO ME A SIGNIFICANT SAFERY PROBLEM.

kk. MY 2018 SUBARU FORESTER IS EXPERIENCING FAULTY ACTIVATION OF THE PASSENGER SEAT AIR BAG LIGHT SINCE JUNE 2018. VEHICLE WAS PURCHASED NEW IN AUGUST 2017. THE DASHBOARD READS THAT THERE IS NO AIRBAG ON FOR THE PASSENGER WHILE SOMEONE WAS SEATED THERE AND THE CAR WAS SITTING OR IN MOTION. THIS HAS HAPPENED ON AND OFF SINCE JUNE 2018. THE LIGHT READS PERIODICALLY THAT NONE OF THE AIRBAGS ARE ON. AFTER BRINGING IT TO MY SUBARU DEALER IN AUGUST 2018, I WAS TOLD THAT A PART WOULD BE ORDERED AND THAT IT WAS THE PASSENGER SEAT CUSHION THAT NEEDED REPLACED. AFTER WAITING A MONTH, I CONTACTED THE DEALERSHIP AND THEY STATED THAT SUBARU HAS TO CREATE AND MANUFACTURE THIS

SEAT CUSHION STILL, AND THEY HAD NO IDEA WHEN THIS WOULD BE DONE. I HAVE BEEN UNABLE TO DRIVE MY FORESTER FOR ALMOST 6 MONTHS NOW DUE TO THE SAFETY ISSUES OF DRIVING WITHOUT THE GUARANTEE OF AIRBAGS DEPLOYING. THE DEALERSHIP HAS NO ANSWER AS TO WHEN SUBARU WILL EVEN START CREATING THIS NEW PART. I AM SURPRISED IT IS NOT A RECALL SINCE IT IS AN AIRBAG ISSUE, AND THE DEALERSHIP STATED THEY HAD AT LEAST 7 OTHER CUSTOMERS CURRENTLY WITH THE SAME ISSUE. I HAVE NOW BEEN WITHOUT MY NEW VEHICLE AND DRIVING A LOANER CAR FROM THE DEALER. THERE SEEMS TO BE NO END IN SIGHT AS TO WHEN THIS ISSUE WILL BE FIXED OR EVEN ADDRESSED BY SUBARU.

ll. PASSENGER SIDE SEAT SENSOR DETECTS PERSON SITTING IN SEAT AND TURNS ON THE AIRBAG WHEN THE SEAT IS EMPTY. NOTIFICATIONS TURNS ON AT CAR STARTUP AND WILL TURN ON WHILE VEHICLE IS MOVING. CAR WAS BOUGHT MAY 31ST, 2018. THIS BEHAVIOR STARTED ON THE FIRST COLD DAY IN MY AREA (ROUGHLY LATE NOVEMBER/EARLY DECEMBER 2018).

mm.    2018 SUBARU FORESTER: PASSENGER AIRBAG SYSTEM FAILS & TURNED ITSELF OFF. HAPPEN 4-5 TIMES IN FALL 2018. 10/23/2018 I TOOK TO NORTHEND SUBARU SERVICE CODE B1650, PART BACK ORDERED. 04/05/2019 PASSENGER AIRBAG SYSTEM FAILS & TURNED ITSELF OFF AGAIN. CALLED NORTHEND SUBARU SERVICE. PART STILL BACK ORDERED MORE THAN 5 MONTHS. THEY SAY 60+ ARE AWAITING PARTS IN NEW ENGLAND. IS SUBARU REPORTING TO YOU THIS TYPE OF SAFETY ISSUE? WILL I HEAR THAT YOU RECEIVED MY NOTIFICATION TO YOU?

nn. AIRBAG ALERT ISSUED BY CAR COMPUTER: ?AIRBAG SYSTEM NEEDS TO BE CHECKED?. PASSENGER WAS IN SEAT AND BUCKLED IN. CAME ON WHEN CAR WAS STARTED AND REMAINED ON FOR DURATION OF DRIVE. INTERMITTENT. TURNED OFF WHEN I WENT BACK TO TAKE A PHOTO OF THE MESSAGE.

22.    These complaints plainly demonstrate that Subaru is aware of the Defect but has failed to repair or recall the Class Vehicles.

23.    Subaru advertises and markets the Class Vehicles as safe and even emphasizes that Subaru vehicles are safer than other brands. Subaru's website states: "There's safe, and then there's SUBARU SAFE. When you choose a Subaru, you're not just choosing a car. You're choosing a

company with a lifetime commitment to protecting those you love. Learn more about our industry-leading safety innovations, and why Subaru is a leading choice among parents with teen drivers."

24.    The Subaru Forester owner's manual states: "The occupant detection system sensor is installed under the seat upholstery and monitors the physique and posture of the front passenger. Using this information, the occupant detection system determines whether the front passenger's SRS frontal airbag should be deployed or not."

25.    The owner's manual also includes the following precautions:

 a. Do not apply any strong impact to the front passenger's seat such as by kicking.

 b. Do not let rear passengers rest their feet between the front seatback and seat cushion.

 c. Do not spill liquid on the front passenger's seat. If liquid is spilled, wipe it off immediately.

 d. Do not remove or disassemble the front passenger's seat.

 e. Do not install any accessory (such as an audio amplifier) other than a genuine SUBARU accessory under the front passenger's seat.

 f. Do not place anything (shoes, umbrella, etc.) under the front passenger's seat.

 g. Do not use the front passenger's seat with the head restraint removed.

 h. Do not leave any articles on the front passenger's seat or the seatbelt tongue and buckle engaged when you leave your vehicle.

 i. Do not put sharp object(s) on the seat or pierce the seat upholstery.

 j. Do not place a magnet near the seatbelt buckle and the seatbelt retractor.

 k. Do not use front seats with their backward-forward position and seatback not being locked into place securely. If any of them are not locked securely, adjust them again.

 l. If the front passenger's frontal airbag ON and OFF indicators do not work properly even when the front passenger's seat is dry, do not allow anyone to sit on the front passenger's seat and have the occupant detection system checked by your SUBARU dealer.

m. Electrical devices, such as cell phones, laptops, portable music players, or electronic games, especially when connected to the accessory power outlet and placed on the front passenger's seat or used by the person sitting in the front passenger's seat, may affect the operation of the occupant detection system. If either of the following situations occurs when using an electronic device in the vehicle, at first try to relocate that device to avoid it creating any interference.

- The SRS airbag system warning light illuminates.

- The front passenger's frontal airbag ON and OFF indicators operate erratically.

If the device continues to cause interference, the use of that device in the vehicle should be discontinued.

26. The owner's manual's creates excessive and unreasonable restrictions on the usability of the passenger seat.

27. Because passengers are not allowed to sit in the passenger seat when the Passenger Airbag Indicator illuminates, the Defect and the owner's manual's excessive and unreasonable restrictions prevent vehicle owners from driving with passengers.

28. Plaintiff and Class members reasonably believed when they purchased or leased the Class Vehicles that the Passenger Airbag Sensors and Passenger Airbag Indicators of the Class Vehicles would function properly.

29. The reasonable belief that the passenger seat could be reasonably and safely utilized formed part of the basis of the bargain when Plaintiff and Class members purchased or leased the Class Vehicles.

30. All Class Vehicles come with a New Vehicle Limited Warranty (the "Warranty") which provides 3-year/36,000-mile coverage for basic coverage. The Warranty provides, in part: "Defective parts will be repaired or, at the option of [Subaru of America] or your Authorized SUBARU Retailer, replaced with new or remanufactured parts without charge to you for labor and materials."

31.    Plaintiff and Class members have reported multiple attempts by Subaru dealerships to remedy the Defect only to continue experiencing the Defect.

32.    Subaru has used an unreasonable amount of time and attempts to remedy the Defect in Plaintiff's vehicle.

33.    Subaru has not recalled the Class Vehicles, has not provided dealerships with an effective remedy, has not allowed dealerships to use any other effective remedy, and has not acknowledged the Defect.

34.    Because Subaru was unwilling or unable to remedy the Defect, the Warranty has failed of its essential purpose and Defendant was obligated under the Warranty to repair the Defect using alternative parts or designs.

35.    By warranting, advertising, and selling the Class Vehicles with the Defect and excessive and unreasonable restrictions on the usability of the passenger seat, Defendant engages in deceptive and unfair trade practices and breaches the express and implied warranties Plaintiff and Class members relied upon in purchasing or leasing the Class Vehicles.

36.    This case seeks protection and relief for the purchasers of the Class Vehicles for the harm they have suffered, and the safety risks they face, from the Defendant's unfair, unlawful, and deceptive trade practices.

## CLASS ALLEGATIONS

37.    Plaintiff, individually and on behalf of all others, brings this class action pursuant to Fed. R. Civ. P. 23.

38.    The proposed Class is defined as follows:

**Nationwide Class:** All persons in the United States who purchased and/or leased a 2015 through 2018 Subaru Forester.

**Michigan Class:** All persons in Michigan who purchased and/or leased a 2015 through 2018 Subaru Forester.

39.    The Class excludes the following: Defendant, its affiliates, and its current and former employees, officers and directors, and the Judge assigned to this case.

40.    Plaintiff reserves the right to modify, change, or expand the definitions of the proposed Class based upon discovery and further investigation.

41.    *Numerosity*: The proposed Class is so numerous that joinder of all members is impracticable. There are hundreds of thousands of proposed Class members, evidenced by Defendant's sale of hundreds of thousands of Class Vehicles. The proposed Class is ascertainable by records in Defendant's possession.

42.    *Commonality*: Questions of law or fact common to the class include, without limitation:

    a.    Whether the Class Vehicles are defective;

    b.    Whether Defendant knew or should have known of the Defect;

    c.    Whether Defendant failed to disclose the Defect;

    d.    Whether Defendant concealed the Defect;

    e.    Whether a reasonable consumer would consider the Defect to be material;

    f.    Whether Defendant engaged in unfair or deceptive trade practices;

    g.    Whether Defendant violated the MCPA;

    h.    Whether Defendant breached the Warranty;

    i.    Whether Defendant engaged in fraud; and

    j.    Whether Defendant was unjustly enriched.

43.    *Typicality*: The claims or defenses of Plaintiff are typical of the claims or defenses of Class members. Plaintiff purchased a new Class Vehicle and experienced the Defect within a short period time. Plaintiff took her vehicle to Subaru dealerships multiple times which were unable or unwilling to fix the Defect. Class members were injured and suffered damages in

substantially the same manner as Plaintiff, Class members have the same claims against Defendant relating to the same course of conduct and the same Defect, and Class members are entitled to relief under the same legal theories asserted by Plaintiff.

44.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the proposed Class and has no interests antagonistic to those of the proposed Class. Plaintiff has retained counsel experienced in the prosecution of complex class actions including, but not limited to, breaches of warranties, product liability, product design defects, and state consumer fraud statutes.

45.    *Predominance*: Questions of law or fact common to proposed Class members predominate over any questions affecting only individual members. Common questions such as the extent, nature, causes, and results of the Defect, Defendant's knowledge and concealment of the Defect, and Defendant's liability predominate over individual questions such as measurement of economic damages.

46.    *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this case because individual joinder of all members of the proposed Class is impracticable and the amount at issue for each proposed Class member would not justify the cost of litigating individual claims. Should individual proposed Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

47.    *Manageability*: Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

48.    Accordingly, this class action may be maintained pursuant to Fed. R. Civ. P. 23(b)(3).

49.    Defendant has acted, and refused to act, on grounds generally applicable to the proposed Class, thereby making appropriate final equitable relief with respect to the proposed Class as a whole.

50.    Accordingly, this class action may be maintained pursuant to Fed. R. Civ. P. 23(b)(2).

## STATUTES OF LIMITATIONS

51.    Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

52.    Defendant is estopped from relying upon any statutes of limitations by reason of their fraudulent misrepresentation, suppression and concealment of material facts, and any applicable statutes of limitations are tolled by such conduct.

53.    Defendant did not inform Plaintiff or Class members about the Defect inherent in the Class Vehicles even though Defendant knew about the Defect at the time of purchase.

54.    When Plaintiff and Class members experienced the Defect or sought repairs related to the Defect, Defendant concealed the true nature of the Defect and through words and actions misrepresented that repair or replacement of original parts would remedy the Defect.

55.    As a result of Defendant's omissions and misrepresentations, Plaintiff and Class members did not know about the Defect inherent in the Class Vehicles.

## CAUSES OF ACTION

## COUNT 1

**VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT**
**Mich. Comp. Laws Ann. § 445.901, *et seq.***
**(on behalf of Plaintiff, the Nationwide Class, and the Michigan Class)**

56.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

57.     The MCPA, Mich. Comp. Laws Ann. § 445.901, *et seq.*, prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce," including:

a.  "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have."

b.  "Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand."

c.  "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

d.  "Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented."

e.  "Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity in immediate conjunction with the advertised goods or services."

f.  "Representing that a part, replacement, or repair service is needed when it is not."

g.  "Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer."

h.  "Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold."

i.  "Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is."

j.  "Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner."

58.    Plaintiff, Class members, and Defendant are each a "person" within the meaning of Mich. Comp. Laws Ann. § 445.902(d).

59.    Defendant's advertising, marketing, offering for sale, sale, distribution, and repair" of the Class Vehicles are "trade or commerce" within the meaning of 73 P.S. § 201-2(3).

60.    Defendant represented to Plaintiff and Class members that the Class Vehicles were safe, high-quality, durable, reliable, merchantable, and in good repair.

61.    The Defect caused the Class Vehicles to fail to conform to the safety, performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

62.    Defendant knew or should have known that the Class Vehicles could not conform to their representations because of the Defect.

63.    Defendant was under a duty to Plaintiff and Class members to disclose the Defect because:

   a. Defendant was in a superior position to know about the existence, nature, cause, and results of the Defect;

   b. Plaintiff and Class members could not reasonably have been expected to learn or discover the Defect;

   c. Defendant knew that Plaintiff and Class members could not reasonably have been expected to learn or discover the Defect; and

   d. Defendant actively concealed the Defect by continually repairing or replacing Passenger Airbag Sensors and Passenger Airbag Indicators with knowledge that the Defect would not be remedied.

64.    The Defect and the facts concealed or not disclosed by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the Class Vehicles or pay a lower price.

65.    Defendant concealed or did not disclose the Defect in order to induce Plaintiff and Class members to purchase the Class Vehicles at a substantially higher price than what they would have paid.

66.    Plaintiff and Class members reasonably and justifiably relied on Defendant's representations and advertisements when purchasing the Class Vehicles.

67.    Defendant engaged in deceptive trade practices by representing and advertising that the Class Vehicles were safe, high-quality, durable, reliable, merchantable, and in good repair when they were defective and by knowingly and intentionally concealing from Plaintiff and Class members that the Class Vehicles are defective when it had a duty to disclose the Defect.

68.    Defendant's deceptive trade practices occurred repeatedly in Defendants' course of business in Michigan and throughout the United States.

69.    Plaintiff and Class members would not have purchased the Class Vehicles if they knew of the Defect, or they would have only paid substantially less.

70.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have been injured and sustained damages.

## COUNT 2

### BREACH OF EXPRESS WARRANTY
### UCC § 2-313
### (on behalf of Plaintiff, the Nationwide Class, and the Michigan Class)

71.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

72.    "Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." UCC § 2-313 (a)(1).

73.    Defendant's Warranty is an express warranty within the meaning of UCC § 2-313.

74.    The Defect constitutes a malfunction or failure of the factory-installed Passenger Airbag Sensor or Passenger Airbag Indicator of the Class Vehicles during normal use.

75.    The Warranty covers the Defect and any damage proximately caused by the Defect, including effective and permanent repair or replacement of the Airbag Sensor and/or Passenger Airbag Indicator.

76.    Plaintiff and Class members reasonably and justifiably relied on Defendant's Warranty when purchasing or leasing the Class Vehicles.

77.    Defendant breached the Warranty because Defendant is obligated to repair or replace any defective part at no charge, Defendant is unwilling or unable to remedy the Defect within a reasonable time, and any attempt to remedy the Defect by Defendant has been ineffective.

78.    Defendant's breach deprived Plaintiff and Class members of the benefit of the bargain.

79.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have been injured and sustained damages.

## COUNT 3

### BREACH OF WRITTEN WARRANTY UNDER THE MAGNUSON-MOSS WARRANTY ACT
### 15 U.S.C. § 2301, *et seq.*
### (on behalf of Plaintiff, the Nationwide Class, and the Michigan Class)

80.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

81.    Plaintiff and Class members are each a "consumer" within the meaning of 15 U.S.C. § 2301(3).

82.    Defendant is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4) and (5).

83.    The Class Vehicles are a "consumer product" within the meaning of 15 U.S.C. § 2301(1).

84.    Defendant's Warranty is a "written warranty" within the meaning of 15 U.S.C. § 2301(6).

85.    The amount in controversy of each individual claim is greater than $25 and the amount in controversy is greater than $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

86.    The Defect constitutes a malfunction or failure of the factory-installed Passenger Airbag Sensor or Passenger Airbag Indicator of the Class Vehicles during normal use.

87.    The Warranty covers the Defect and any damage proximately caused by the Defect, including effective and permanent repair or replacement of the Airbag Sensor and/or Passenger Airbag Indicator.

88.    Plaintiff and Class members reasonably and justifiably relied on Defendant's Warranty when purchasing the Class Vehicles.

89.    Defendant breached the Warranty because Defendant is obligated to repair or replace any defective part at no charge, Defendant is unwilling or unable to remedy the Defect within a reasonable time, and any attempt to remedy the Defect by Defendant has been ineffective.

90.    Defendant's breach deprived Plaintiff and Class members of the benefit of the bargain.

91.    Accordingly, Defendant has also violated 15 U.S.C. § 45(a)(1) by way of 15 U.S.C. § 2310(b).

92.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have been injured and sustained damages.

## COUNT 4

### FRAUD
**(on behalf of Plaintiff, the Nationwide Class, and the Michigan Class)**

93.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

94.    Defendant represented to Plaintiff and Class members that the Class Vehicles were safe, high-quality, durable, reliable, merchantable, and in good repair.

95.    The Defect caused the Class Vehicles to fail to conform to the safety, performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

96.    Defendant knew or should have known that the Class Vehicles could not conform to their representations because of the Defect.

97.    Defendant was under a duty to Plaintiff and Class members to disclose the Defect because:

a.    Defendant was in a superior position to know about the existence, nature, cause, and results of the Defect;

b.    Plaintiff and Class members could not reasonably have been expected to learn or discover the Defect;

c.    Defendant knew that Plaintiff and Class members could not reasonably have been expected to learn or discover the Defect; and

d.    Defendant actively concealed the Defect by continually repairing or replacing Passenger Airbag Sensors and Passenger Airbag Indicators with knowledge that the Defect would not be remedied.

98.    The Defect and the facts concealed or not disclosed by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the Class Vehicles or pay a lower price.

99.    Defendant concealed or did not disclose the Defect in order to induce Plaintiff and Class members to purchase the Class Vehicles at a substantially higher price than what they would have paid.

100.    Plaintiff and Class members reasonably and justifiably relied on Defendant's representations and advertisements when purchasing the Class Vehicles.

101.    Plaintiff and Class members would not have purchased the Class Vehicles if they knew of the Defect, or they would have only paid substantially less.

102.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have been injured and sustained damages.

## COUNT 5

### UNJUST ENRICHMENT
### (on behalf of Plaintiff, the Nationwide Class, and the Michigan Class)

103.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

104.    Defendant represented to Plaintiff and Class members that the Class Vehicles were safe, high-quality, durable, reliable, merchantable, and in good repair.

105.    The Defect caused the Class Vehicles to fail to conform to the safety, performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

106.    Defendant knew or should have known that the Class Vehicles could not conform to their representations because of the Defect.

107.    The Defect and the facts concealed or not disclosed by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the Class Vehicles or pay a lower price.

108.    Defendant concealed or did not disclose the Defect in order to induce Plaintiff and Class members to purchase the Class Vehicles at a substantially higher price than what they would have paid.

109.    Plaintiff and Class members reasonably and justifiably relied on Defendant's representations and advertisements when purchasing the Class Vehicles.

110.    Plaintiff and Class members would not have purchased the Class Vehicles if they knew of the Defect, or they would have only paid substantially less.

111.    Plaintiff and Class members conferred substantial benefits on Defendant by purchasing defective Class Vehicles at a premium without receiving a vehicle that conformed to Defendant's representations.

112.    Defendant knowingly and willingly accepted and enjoyed these benefits.

113.    Defendant's retention of these benefits would be inequitable.

114.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have been injured and sustained damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment against Defendant as follows:

a. For an order certifying the proposed Class, appointing Plaintiff as the Representative of the proposed Class, and appointing the law firms representing Plaintiff as counsel for the Class;

b. For a declaration that the Passenger Airbag Sensors and Passenger Airbag Indicators in the Class Vehicles are defective, that the remedial work necessary to

correct the Defect is covered by the Warranty, and that the Warranty fails of its essential purpose;

c.  For compensatory damages, restitution, and/or refund of all funds acquired by Defendant from Plaintiff and Class members as a result of Defendant's unlawful, unfair, deceptive, and unconscionable practices described herein, including actual, statutory, punitive, and/or trebled damages to the extent permitted by law in an amount to be proven at trial;

d.  Payment of costs and expenses of suit herein incurred;

e.  Both pre-and post-judgment interest on any amounts awarded;

f.  Payment of reasonable attorneys' fees and expert fees;

g.  Such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.


LEVIN SEDRAN & BERMAN

Date: November 25, 2019

BY:  /s/  Michael Weinkowitz
MICHAEL WEINKOWITZ, ESQUIRE
NICOLA SERIANNI, ESQUIRE
DANIEL C. LEVIN, ESQUIRE
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500